1  JENNER & BLOCK LLP
   David J. Bradford (*pro hac vice*)
2  Michael T. Brody (*pro hac vice*)
   353 N. Clark St.
3  Chicago, Illinois  60654
   Telephone: (312) 222-9350
4  Fax: (312) 840-7711

5  Jean M. Doherty (Cal. Bar No. 264308)
   633 West 5th Street, Suite 3600
6  Los Angeles, California  90071
   Telephone:  (213) 239-5100
7  Fax: (213) 239-5182

8  Counsel for Defendants

9

10

11

12                     UNITED STATES DISTRICT COURT

13        FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

14

15  **DAVID FESKE and TERI FESKE,**               )   Case No. 11-04124 (PSG)
    **individually and on behalf of Class Members,** )
16                                                 )
                                                   )
17        **Plaintiffs,**                          )   **DEFENDANTS' NOTICE OF MOTION**
                                                   )   **AND MOTION TO BIFURCATE**
18        **v.**                                   )   **DISCOVERY; MEMORANDUM OF**
                                                   )   **POINTS AND AUTHORITIES IN**
19                                                 )   **SUPPORT THEREOF**
    **MHC THOUSAND TRAILS LIMITED**               )
20  **PARTNERSHIP, MHC OPERATING**               )
    **LIMITED PARTNERSHIP, EQUITY**              )
21  **LIFESTYLE PROPERTIES, INC., a**            )   Hearing date: December 20, 2011
    **Maryland corporation; THOUSAND**           )   Time: 10:00 a.m.
22  **TRAILS MANAGEMENT SERVICES, INC.,**        )   Courtroom: 5
    **a Nevada corporation, and Does 1-100,**    )   Judge:  Hon. Paul S. Grewal
23  **inclusive,**                               )
                                                   )   Action Filed: July 24, 2011
24        **Defendants.**                         )   Trial Date:  Not set

25

26

27

28

## NOTICE OF MOTION AND MOTION TO BIFURCATE DISCOVERY

PLEASE TAKE NOTICE that on December 20, 2011 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5 of the United States District Court for the Northern District of California, Honorable Paul S. Grewal, presiding, Defendants MHC Thousand Trails Limited Partnership, MHC Operating Limited Partnership, Equity Lifestyle Properties, Inc., and Thousand Trails Management Services, Inc., ("Defendants") will and hereby do move for bifurcation of merits and class discovery in the action filed by Plaintiffs David and Teri Feske.

Defendants respectfully request the Court enter an order bifurcating discovery. Defendants request that the Court permit a short, initial period for discovery relevant to class certification, followed by a subsequent period of merits discovery, if necessary, after the Court rules on the motion to certify the class.

Respectfully submitted,

MHC THOUSAND TRAILS LIMITED
PARTNERSHIP, MHC OPERATING LIMITED
PARTNERSHIP, EQUITY LIFESTYLE
PROPERTIES, INC., a Maryland corporation;
THOUSAND TRAILS MANAGEMENT SERVICES,
INC., a Nevada corporation,

DATE: November 9, 2011          By:    /s/  David J. Bradford
                                       One of their Attorneys

i

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **INTRODUCTION**

Plaintiffs have already made clear that they intend to conduct burdensome and far-reaching discovery in this case. They have requested that the Court "modify" or "eliminate" altogether numerous limiting provisions of the Federal Rules of Civil Procedure, in order to broaden the discovery they may seek. *See* Plaintiffs' Case Management Statement at 8.

As shown in this motion, a more reasoned approach is to bifurcate discovery into two phases. First, the parties should conduct the limited discovery needed to decide if this case may proceed as a class action. This class discovery will likely require little more than a Rule 30(b)(6) deposition of the defendants concerning the types of statements made in connection with their different programs, depositions of the named plaintiffs, and the limited production of documents. Second – only if a class is certified – the parties may conduct the broader discovery necessary to address the merits of the controversy and to prepare the case for trial. If a class is not certified, this broader discovery will not be needed. Given the size of plaintiffs' individual claim, it is highly likely the parties will be able to resolve this case without merits discovery if no class is certified.

Plaintiffs have indicated that they intend to oppose bifurcation of discovery. While noting the likely expansive scope and burden of discovery in this case – and perhaps because of it – plaintiffs nonetheless insist that discovery should not be bifurcated into a certification phase and a merits phase. *Id*. Plaintiffs would prefer that the parties embark on a costly and burdensome discovery program now, even though much of the discovery will never be needed if – as defendants contend is proper – the Court ultimately denies class certification. Plaintiffs ignore that conducting certification and merits discovery together in this case will unnecessarily "delay[] the certification decision," while simultaneously imposing "extraordinary and unnecessary expense and burden" on the court and the parties, primarily defendants. *See* Federal Judicial Center, Manual for Complex Litigation, § 21.14 (4th ed. 2008) at 256 (hereafter "Manual").

As we show in this memorandum, the reasonable staging of discovery is common and is particularly appropriate in this case for three reasons.

*First*, the certification determination will require substantially narrower discovery than the merits questions of liability and damages. *Second*, if, as defendants expect, the Court does not

certify a class, this action will likely end and any discovery other than class certification discovery will be unnecessary.  Unless discovery is bifurcated, the parties and the Court will bear the burden of conducting unnecessary merits discovery that will be a complete waste.  *Third*, bifurcation will expedite the certification decision.

Accordingly, defendants request that the Court bifurcate discovery into a short, initial period addressing class certification, to be followed by briefing and decision on the class certification motion.  If a class is certified, the parties may then engage in merits discovery subject to whatever limitations the Court establishes.

# ARGUMENT

## I.     Discovery In Class Actions Is Frequently Bifurcated.

Courts in this district and elsewhere routinely bifurcate discovery in class actions as part of their power to govern the conduct of discovery proceedings.  In such cases, at the precertification stage the "plaintiff must . . . establish the relevance" of any discovery "sought to class certification." *In re Apple and AT & T Antitrust Litig.*, No. 07-05152, 2010 WL 1240295, at *2 (N.D. Cal. March 26, 2010).  "Merits discovery," in turn, will "begin[] if and once the Court certifie[s] the class." *See Juarez v. Jani-King of Cal., Inc.*, 273 F.R.D. 571, 576 (N.D. Cal. 2011); *see also Perez v. State Farm Mut. Auto. Ins. Co.*, No. 06-01926, 2011 WL 1496326, at *1 n.2 (N.D. Cal. Apr. 20, 2011) (referencing prior order "bifurcating class certification discovery and merits discovery").

The general reasons for bifurcation are obvious.  Class and merits discovery address markedly different topics.  Whereas "discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof," "discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed[.]" Manual, § 21.14 at 256.  Thus, "[d]iscovery relevant only to the merits delays the certification and may ultimately be unnecessary." *Id.*; *see, e.g.*, *Embry v. Acer Am. Corp.*, No. 09-01808, 2010 WL 399108, at *2 (N.D. Cal. Jan. 28, 2010) (discovery requests seeking information relevant only to the merits "should be deferred until the merits phase of th[e] case").

Even in cases where there is overlap between class and merits issues, there is good reason to bifurcate.  Courts commonly bifurcate discovery in class actions even in the absence of a bright-line distinction between class and merits discovery. *See, e.g.*, *Embry*, 2010 WL 399108, at *2 ("The

distinction between class and merits discovery in this case is not as clear-cut as [defendant] suggests . . . but that does not mean that there is no distinction at all"). In such cases, the Court's "[a]ctive judicial supervision" may be invoked to guide the parties in "conduct[ing] controlled discovery into the 'merits'" that is "limited to those aspects relevant to making the certification decision on an informed basis." Fed. R. Civ. P. 23(c)(1)(A) (adv. comm. notes); *In re Apple and AT & T Antitrust Litig.*, 2010 WL 1240295, at *2 (denying motion to compel because "since the court bifurcated class certification and merits discovery, plaintiffs must" – and could not – "establish the relevance of the [evidence] sought to class certification"). In this case, any overlap would be minimal and the reasons for bifurcation are particularly compelling.

**II.     In This Case, Class Certification Discovery Should Take Place Before Merits Discovery.**

This case exemplifies why the reasonable staging of discovery is proper, given the clear distinctions here between class and merits discovery, the broad scope of merits discovery plaintiffs seek, and the substantially narrower scope of class discovery.

**A.     Certification Discovery Will Be Narrower Than Merits Discovery.**

The factual questions the Court must answer in determining whether to certify a proposed class are dramatically narrower and require substantially less discovery than that required to assess the merits of this case. As a consequence, bifurcation will streamline the discovery process.

Class discovery. At the class discovery phase, discovery may be limited to factual issues necessary to "test[] whether the claims and defenses are susceptible to class-wide proof." *See* Manual, § 21.14 at 256. In this case, discovery should be conducted regarding whether the Feskes are typical of the putative class members, whether they are adequate class representatives, and whether their experiences were the same as or different from a sampling of putative class members. Those factual issues will revolve around the named plaintiffs, and their memberships and experience with defendants. The Feskes' membership files and how they learned about, obtained, and used their membership will be relevant at this phase.

In addition, discovery concerning the variety of ways in which memberships to defendants' programs are advertised, obtained, and used may be relevant to certification to show how individual questions will predominate over common questions. This discovery may involve the production of

certain documents, as well as a deposition of a corporate representative of defendants to testify as to the types of statements defendants have made.

Merits discovery.  After the conclusion of class discovery and issuance of the Court's order on class certification, further discovery, if appropriate, may be directed toward the merits question of whether defendants are liable for the common-law and statutory claims alleged by plaintiffs.  In that phase, the focus of discovery will shift to Defendants' compliance with the various membership campground statutes alleged in the Complaint, whether any of Defendants' sales materials or websites contained false or misleading advertisements, and whether Defendants' conduct amounted to unfair competition.  *See* Compl. ¶ 26 (a)-(n).  Because these issues need not be addressed unless and until a class is certified, delving into them at the certification phase will unduly delay the certification determination and burden the parties and the Court.  And to the extent that merits and certification discovery overlap, the Court's "active judicial supervision" will suffice to ensure that discovery into the merits is "limited to those aspects relevant to making the certification decision on an informed basis." *See* Fed. R. Civ. P. 23 (adv. comm. notes); *In re Apple*, 2010 WL 1240295, at *2; *Embry*, 2010 WL 399108, at *2.

**B.     Bifurcation Is Likely To Eliminate The Unnecessary Burden Of Merits Discovery.**

Bifurcating discovery in this case will avoid the significant risk of subjecting the parties and the Court to the extraordinary and unnecessary expense and burden of merits discovery before plaintiffs have met their certification burden. *See* Manual, § 21.14 at 256; *cf. Nook Indust., Inc. v. Barnes & Noble, Inc.*, No. 10-265, 2011 WL 486157, at *2 (N.D. Ohio Feb. 7, 2011) (finding bifurcation of discovery relating to damages and liability appropriate because it would "promote judicial economy and efficiency, particularly because . . . if Plaintiff's claims do not withstand scrutiny at the dispositive motion stage, discovery relating to damages would be unnecessary").

In this case, bifurcation can serve to eliminate discovery that is both excessive and premature.  Plaintiffs have already acknowledged the broad scope of discovery they plan to pursue by urging that "certain modifications to the discovery rules of the Federal Rules of Civil Procedure are warranted" here in order to allow the parties to "fully investigate the claims and defenses in this case."  Plaintiffs' Case Management Statement at 8.  These proposed "modifications" include a

wholesale elimination of "the number of depositions established by Federal Rule of Civil Procedure 30, as well as the limit on the number of interrogatories established by Federal Rule of Civil Procedure 33." *Id.*

As the Supreme Court has recognized, pretrial proceedings should always be conducted so as to reduce the burden of unnecessary discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (discussing ways to "avoid the potentially enormous expense of discovery in" cases where discovery is unlikely to reveal relevant evidence). Particularly "in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden." Manual, § 21.14 at 256. Thus, a critical factor in determining whether bifurcation is proper is whether the case is likely to continue if certification fails. *See id.* For example, "when the individual plaintiff's recovery is too small to justify pursuing the action," "the denial of class action certification is the death knell of the action itself." *Farwell v. Sunset Mesa Prop. Owners Ass'n, Inc.*, 163 Cal. App. 4th 1545, 1552 (2008). In such cases, where an action will most likely be settled or terminated if certification is denied, bifurcation ensures that unnecessary, burdensome discovery is not conducted.

If the Court does not certify the proposed class in this case, the action will most likely be resolved by settlement – without the burden of extensive merits discovery. Indeed, plaintiffs have alleged that "the damage to each Class Member is relatively modest compared to the costs of the litigating the issues in this action," such that it would be "economically unfeasible to pursue remedies other than in a class action." Compl. ¶ 31. Plaintiffs concede their individual claim is not large enough to take to trial. Thus, a denial of class certification in this case will, "in its legal effect . . . virtually demolish[] the action as a class action" and will likely result in termination of the case. *See Daar v. Yellow Cab Co.*, 67 Cal. 2d 695, 699 (1967) (order "preserv[ing] for the plaintiff alone his cause of action" was "tantamount to a dismissal of the action as to all members . . . other than the plaintiff"); *see also Farwell*, 163 Cal. App. 4th at 1552.

Additionally, class discovery is reasonably likely to bring this case to a conclusion. First, it is likely to show the named plaintiffs, the Feskes, obtained their membership through a different means than most members. Unlike most members, who purchased their memberships as a result of a solicitation, a personal contact, or information on a website, the Feskes acquired their interest by

1   will, following the death of Mr. Feske's mother.  Second, class discovery will show that the Feskes'

2   individual grievance that they were improperly denied access to a particular campground is unique.

3   Members of the program that the Feskes joined did not have access to the particular campground in

4   question and it does not appear any other member of that program has this complaint.  Other putative

5   class members who had access to that campground had access only as a result of their membership

6   in different camping programs that featured different benefits.

7        Limited class discovery is also likely to establish other compelling reasons to deny

8   certification:  that there are many different camp membership programs, that many different

9   representations were made to different members depending on, among other things, what program

10  they participated in, and that many different state campground membership statutes differ in their

11  application to those programs and representations.  These facts will demonstrate that "common

12  questions of fact [do not] predominate over any questions affecting only individual members of the

13  Class" as required by Federal Rule of Civil Procedure 23.  Compl. ¶ 26.  Whether there are common

14  questions is an issue that can be determined without extensive discovery into the accuracy or

15  completeness of the many representations made in connection with different campground programs.

16  Nor will it be necessary to evaluate the sufficiency of that information under the laws of the

17  approximately 30 states in which defendants operate campgrounds in order to address certification.

    Class discovery will reveal that these individual inquiries overshadow any common questions.

18       Additionally, there are many reasons certification may be denied unrelated to what class

19  discovery shows, and the denial of certification will moot the need for expensive merits discovery.

20  Manageability is one example.  Plaintiffs propose a class including members of numerous

21  membership programs that are subject to numerous, and varying, state laws.  Compl. ¶ 23.  *See*

22  *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1189-1190 (9th Cir. 2001) (affirming denial

23  of certification where "variances in state laws overwhelm[ed] common issues of fact" and "no

24  manageable trial plan" was "adequate to deal with" those variances); *Bryant v. Service Corp. Int'l*,

25  No. 08-01190, 2011 WL 855815, at *6 (N.D. Cal. March 9, 2011) (refusing to certify a class where

26  "a class trial of the . . . claims would mire the Court in an individualized analysis of the standards" –

27  the laws of 47 jurisdictions – "applicable to each class member's claim").

28

1    In short, in light of the difficulty plaintiffs will have in obtaining certification – and the

2    likelihood that if certification is denied the case will not continue – it is a waste of the Court's and

3    the parties' time and resources to conduct full-blown merits discovery at this premature stage.

4    **C.   Bifurcating Discovery Will Advance The Decision On Plaintiffs' Class Certification Motion.**

5    Rule 23 directs that in a putative class action, the court "must determine" whether to certify

6    the case as a class action "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). The advisory

7    committee notes to subdivision (c)(1)(A) make clear that to facilitate this "early" determination, the

8    parties should conduct "controlled" discovery "limited" only "to those aspects" of the merits that are

9    "relevant to making the certification decision on an informed basis." *Id.* (adv. comm. notes).

10   Moreover, like all the Federal Rules, Rule 23 "should be construed and administered to secure the

11   just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1;

12   *Banco Nacional De Credito Ejidal, S. A. v. Bank of Am. Nat. Trust & Sav. Ass'n*, 11 F.R.D. 497,

13   499 (N.D. Cal. 1951).

14   Because "discovery relevant only to the merits" is not "relevant to making the certification

15   decision," conducting merits discovery prematurely hinders the Court's ability to make the

16   certification determination at an "early practicable" time. *See* Fed. R. Civ. P. 23(c)(1)(A); *id.*(adv.

17   comm. notes); Manual, § 21.14 at 256. "[P]ostpon[ing] classwide discovery on the merits," in

18   contrast, "make[s] early class determination practicable and . . . best serve[s] the ends of fairness and

19   efficiency." *See, e.g., Harris v. Option One Mtg. Co.*, 261 F.R.D. 98, 111 (D. S.C. 2009) (quoting

20   *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992))

21   (granting motion to bifurcate in order to facilitate certification at an "early practicable" time); *accord*

22   *Stavroff v. Midland Credit Mgmt. Inc.*, No. 05-127, 2005 WL 6329149, at *2 (N.D. Ind. June 8,

23   2005) ("this Court granted the defendants' motions to bifurcate discovery, finding that doing so was

24   in accordance with Fed. R. Civ. P. 1['s]" requirement that rules be "'construed and administered to

25   secure the just, speedy, and inexpensive determination of every action'").

26   Staging discovery, with an initial focus on the limited discovery needed to permit the parties

27   to address the issue of class certification, will advance this Court's determination of the class

28   certification motion, in compliance with Rule 23. There is a considerable amount of discovery –

1  including discovery relating to defendants' compliance with membership campground statutes, and

2  defendants' sales and advertising materials – that is "relevant only to the merits" of this case.

3  Manual, § 21.14 at 256.  Allowing such discovery now will delay the "early" determination required

4  under Rule 23, which, in turn, will inhibit the "just, speedy, and inexpensive" resolution of the action

5  as required by Rule 1.  *See id.*; *Stavroff*, 2005 WL 6329149, at *2; *Harris*, 261 F.R.D. at 111.

6  ### CONCLUSION

7       For the foregoing reasons, Defendants respectfully request that the Court bifurcate discovery.

8  Defendants request that the Court permit a short, initial period for discovery relevant to class

9  certification, followed by a subsequent period of merits discovery, if necessary, after the Court rules

10  on the motion to certify the class.

11

12                    Respectfully submitted,

13

14                    MHC THOUSAND TRAILS LIMITED
   PARTNERSHIP, MHC OPERATING LIMITED
   PARTNERSHIP, EQUITY LIFESTYLE

15                    PROPERTIES, INC., a Maryland corporation;
   THOUSAND TRAILS MANAGEMENT SERVICES,

16                    INC., a Nevada corporation,

17

18  DATE: November 9, 2011        By:   /s/  David J. Bradford
                             One of their Attorneys

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

I, Diana Valdez, declare I am employed in the County of Los Angeles, State of California. I

3
am over the age of 18 and not a party to the within action. My business address is Jenner & Block
LLP, 633 West 5th Street, Suite 3600, Los Angeles, California 90071.

4

On November 9, 2011, I served the documents described below:

5

6
1.  **DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE
    DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    THEREOF**

7

8
2.  **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO BIFURCATE
    DISCOVERY**

9
on the interested parties in this action as follows:

10

11
Kevin I. Shenkman                    R. Rex Parris
Mary R. Hughes                       Alexander R. Wheeler
Shenkman & Hughes                    Kitty K. Szeto
12
28905 Wight Road                     R. Rex Parris Law Firm
Malibu, CA 90265                     42220 10th St West, Suite 109
13
                                     Lancaster, CA 93534

14

15
☑     **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth
below. I am familiar with the firm's practice of collection and processing correspondence for
16
mailing. Under that practice, it would be deposited in the United States Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business.
17

18
☐     **BY ELECTRONIC MAIL:** In addition to service by overnight delivery, I transmitted a
copy of the foregoing document(s) on this date via electronic mail to the e-mail addresses shown
19
below

20
☐     **BY OVERNIGHT DELIVERY**: I caused such envelope to be placed for collection and
delivery on this date in accordance with standard overnight delivery procedures.
21

22
☐     [State]  I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
23

24
☑     [Federal]  I declare under penalty of perjury that the foregoing is true and correct

25
I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.
26

27
Executed on November 9, 2011, at Los Angeles, California.

28
                                            Diana Valdez

PROOF OF SERVICE