1    R. Rex Parris, Esq. (SBN 96567)
Alexander R. Wheeler, Esq. (SBN 239541)
2    Jason P. Fowler, Esq. (SBN 239426)
Kitty Szeto, Esq. (SBN 258136)
3    **R. REX PARRIS LAW FIRM**
42220 10th Street West, Suite 109
4    Lancaster, California 93534
Telephone: (661) 949-2595
5    Facsimile: (661) 949-7524

6    Kevin I. Shenkman, Esq. (SBN 223315)
Mary R. Hughes, Esq. (SBN 222662)
7    **SHENKMAN & HUGHES**
28905 Wight Road
8    Malibu, California 90265
Telephone: (310) 457-0970

9

10    Attorneys for Plaintiffs

11

12            **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| DAVID FESKE and TERI FESKE, individually and on behalf of Class Members, ) | Case No.: CV-11-04124 (PSG) |
| Plaintiffs, ) | <u>CLASS ACTION</u> |
| v. ) | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE DISCOVERY: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| MHC THOUSAND TRAILS LIMITED PARTNERSHIP, MHC OPERATING LIMITED PARTNERSHIP, EQUITY LIFESTYLE PROPERTIES, INC., a Maryland corporation; THOUSAND TRAILS MANAGEMENT SERVICES, INC., a Nevada corporation, and Does 1-100, inclusive, ) | Hearing Date: December 20, 2011 Time: 10:00 a.m. Courtroom: 5 Judge: Hon. Paul S. Grewal |
| Defendants. ) | Complaint Filed: July 24, 2011 Trial Date: Not set |

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   SUMMARY OF OPPOSITION

Defendants' attempt to bifurcate discovery into vague, amorphous "certification" and "merits" stages is an attempt to prevent Plaintiffs from being able to discover information that will assist them in proving class certification.  The Supreme Court has held that merits discovery is appropriate at the pre-certification stage when the underlying causes of action are entwined with the issues of class certification.  And, most recently, in *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court held that the Rule 23 inquiry involves some analysis into the intersection between the underling "merits" inquiry and the "commonality" requirements.  A formal bifurcation order is now more unworkable and inappropriate than ever.

Granting Defendants' motion would result only in further discovery disputes about the contours of the bifurcation and unnecessary objections and motion practice as counsel will inevitably disagree on whether a particular request or deposition question bears on class certification or the substantive merits of the case.  Plaintiffs suggest that discovery should proceed normally, and if any discovery disputes arise, this Court will be able to supervise the dispute in such a way that effectively balances and expedites the certification process without forcing an artificial and ultimately wasteful division between "certification discovery" and "merits discovery."

### 2.   STATEMENT OF FACTS

On July 24, 2011, David and Teri Feske (collectively "Plaintiffs") filed a class action complaint against MCH Thousand Trails Limited Partnership, MHC Operating Limited Partnership, Equity Lifestyle Properties, Inc., and Thousand Trails Management Services, Inc. (collectively "Defendants"), alleging numerous violations of state statutes, along with fraud, negligent misrepresentation, and unjust enrichment.  Plaintiffs allege that Defendants sold them a membership to the Thousand Trails network of campgrounds, [Complaint  ¶ 9], which supposedly "entitle[d] them to utilize [these campgrounds'] amenities and facilities," [*id.* ¶ 10].

1

Additionally, Defendants told Plaintiffs "that use and enjoyment of certain campgrounds and portions of other campgrounds would be limited to members and their guests" giving members "better access to the facilities." [*Id.* ¶ 14].  However, when Plaintiffs attempted to make a reservation at one of Defendants' campgrounds, they were told "that their membership with Defendants did not permit them to utilize the facilities."  [*Id.* ¶ 19].

On October 5, 2011, Plaintiffs filed their Case Management Statement.  In it they stated that they intend to "fully investigate the claims and defenses in this case."  [Plaintiffs' Case Management Statement at 8:17–18].  On November 9, 2011, Defendants filed a motion to bifurcate discovery.

3.    LEGAL ARGUMENT

   A.    SOME MERITS INQUIRY IS INVOLVED AT THE CERTIFICATION STAGE, MAKING A BIFURCATION ORDER INAPPROPRIATE.

Defendants argue that conducting merits discovery at the class certification stage is improper.  [*See* Motion to Bifurcate Discovery. at 2:11–3:9 (hereinafter "Mot.")].  However, it is well-established that "[a] preliminary inquiry into the merits may be required to decide whether the claims and defenses can be presented and resolved on a class-wide basis."  MANUAL FOR COMPLEX LITIGATION, § 21.14 (4th ed. 2008); *accord Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551–52 (2011) (noting that class certification "will entail some overlap with the merits of the plaintiff's underlying claim"); *Gen. Tele. Co. of Sw. v Falcon*, 457 U.S. 147, 160 (1982) ("'[T]he class determination generally involves considerations that are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action."'" (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)); *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 558 (1963).

This principle was recently reaffirmed by the Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*.  There, the Court noted that "'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'"  131 S. Ct. at 2551 (quoting

/ / / /

1    *Falcon*, 457 U.S. at 160).  Because of this, it "cannot be helped" that a trial court's analysis

2    "will entail some overlap with the merits of the plaintiff's underlying claim."  *Id.*

3          The Federal Rules of Civil Procedure also explicitly recognize this rule.  The advisory

4    notes state that "discovery in aid of the certification decision often includes information required

5    to identify the nature of the issues that actually will be presented at trial."  FED. R. CIV. P.

6    23(c)(1)(A) (adv. comm. notes).  Therefore, "it is appropriate to conduct controlled discovery

7    into the 'merits.'" *Id.; accord Coopers*, 437 U.S. at 469 & n.12 (1978) (reasoning that "class

8    determination generally involves considerations that are 'enmeshed in the factual and legal

9    issues comprising the plaintiff's cause of action'" and that "'[e]valuation of many of the

10   questions entering into determination of class action questions is intimately involved with the

11   merits of the claims'" (quoting *Langdeau*, 371 U.S. at 558 and 15 CHARLES ALAN WRIGHT &

12   ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3911, at 485 n.45 (1976))).  It is

13   therefore the role of the trial judge to supervise the class certification process so as to

14   "expedite[] an informed certification determination without forcing an artificial and ultimately

15   wasteful division between 'certification discovery' and 'merits discovery.'" FED. R. CIV. P.

16   23(c)(1)(A) (adv. comm. notes).

17         Defendants argue that the "factual issues [of Rule 23(a) and (b)] will revolve around the

18   named plaintiffs, and their memberships and experience with defendants," and therefore only

19   "[t]he [Plaintiffs'] membership files and how they learned about, obtained, and used their

20   membership will be relevant at this phase."  [Mot. at 3:22–24].  But this is not true.  For

21   example, "[e]vidence relevant to the commonality requirement is often intertwined with the

22   merits."  *Nelsen v. U.S. Steel Corp.*, 709 F.2d 675, 679 (1983) (citing *Stastny v. S. Bell Tel. &*

23   *Tel. Co.*, 628 F.2d 267, 274 (4th Cir. 1980) and *Harriss v. Pan Am. World Airways, Inc.*, 74

24   F.R.D. 24, 36–37 (N.D. Cal. 1977)).  Therefore, Plaintiffs are obligated to show, in at least a

25   preliminary fashion, the required commonality between their claims and the rest of the putative

26   class.  *See Gilchrist v. Bulger*, 89 F.R.D. 402, 406–07 (S.D. Ga. 1981) ("Plaintiff's burden of

27   proof to demonstrate the existence of this common question entails more than the simple

28   assertion of its existence, but less than a prima facie showing of liability.").  To do this,

                                              3

Plaintiffs may need information on or relating to the *other* putative class members' membership files and how they learned about, obtained, and used their memberships. The mere fact that this discovery might be classified as "merits discovery" does not preclude its pre-certification discoverability. *See Dukes,* 131 S. Ct. at 2552; *Falcon*, 457 U.S. at 160; FED. R. CIV. P. 23(c)(1)(A) (adv. comm. notes).

Additionally, Plaintiffs must establish that "the questions of law or fact common to class members predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3). Defendants claim that this can be achieved through "discovery concerning the variety of ways in which memberships to defendant's programs are advertised, obtained, and used." [Mot. 3: at 25–26]. But such a limited discovery plan would make it impossible for Plaintiffs to gather enough information to prove class certification. For example, Plaintiffs allege that Defendants engaged in fraud. [Complaint at ¶¶ 74–79]. To satisfy the "predominance" requirement, Plaintiffs must conduct discovery about Defendants' representations to other putative class members. In other words, the discovery needed to prove the existence of class-wide fraud (merits) and the question of whether the facts of fraud are common to the class (certification) overlap. Accordingly, bifurcation is inappropriate.

### B. DEFENDANTS' BIFURCATION PROPOSAL WILL ONLY HINDER THE PROMOTION OF JUDICIAL ECONOMY AND EFFICIENCY.

Defendants claim that bifurcating discovery **"**will avoid the significant risk of subjecting the parties and the Court to the extraordinary and unnecessary expense and burden of merits discovery before plaintiffs have met their certification burden.**"** [Mot. at 4:17–19; *see also id.* at 7:5–8:5 (arguing that bifurcating discovery will advance the decision on plaintiffs' class certification motion)]. However, because some merits inquiry is necessary to make a reasoned class certification decision, Defendants' vague proposal would only hinder the promotion of judicial economy and efficiency.

Bifurcated discovery fails to promote judicial economy when it requires "ongoing supervision of discovery." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990).

4

If discovery is "bifurcated," this Court would likely have to resolve various needless disputes that would arise concerning the classification of each piece of discovery as "merits" or "certification." *See In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 459 (D. Kan. 2006) (noting that the court must limit the frequency or extent of discovery if "'the burden or expense of the proposed discovery outweighs its likely benefit'" (quoting FED. R. CIV. P. 26(b)(2)(iii))). Proceeding without bifurcation is more efficient when bifurcation "would result in significant duplication of effort and expense to the parties." MANUAL FOR COMPLEX LITIGATION, § 11.213; *accord In re Hamilton Bancorp, Inc. Sec. Litig.*, No. 01CV0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (explaining that in certain cases, bifurcation may increase the costs of litigation by "protracting the completion of discovery, coupled with endless disputes over what is 'merit' verses 'class' discovery").

Rather than increasing the efficiency of discovery, Defendants' bifurcation proposal would delay discovery and ultimately, the resolution of the case. *See In re Plastics Additives Antitrust Litig.*, No. Civ.A 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004) (denying a motion to bifurcate discovery due to the delays bifurcation would cause); 3 WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 9.44 (4th ed. 2009) (explaining that bifurcated discovery which creates the need for the court to rule on whether the discovery pertains to the merits or class certification is inefficient). "[A]ny formal bifurcation order would result in further discovery disputes about the contours of that imprecise 'bifurcation' and would only serve to prolong this case and result in unnecessary objections and motion practice, as counsel disagree on whether a particular discovery request or deposition question bears on class certification or the substantive merits of the case." [Plaintiffs' Case Management Statement at 8:25–9:3].

Furthermore, the continued need for supervision and the increased number of disputes resulting from bifurcation would prejudice Plaintiffs by preventing the "expeditious resolution of the lawsuit." *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *6; *accord In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 172 (D.D.C. 2009) ("In resolving motions to bifurcate discovery at the pre-certification state, district courts must 'balance the

5

need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties.'" (quoting *Hubbard v. Potter*, No. 03-1062 (RJL/JMF), 2007 WL 604949, at *2. (D.D.C. Feb. 22, 2007))); *see also* FED. R. CIV. P. 1 (The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination" of actions).  Accordingly, Defendant's bifurcation motion should be denied, discovery should proceed normally, and if any discovery disputes arise, this Court will be able to supervise that dispute in such a way that effectively balances and expedites the certification process without forcing an artificial and ultimately wasteful division between "certification discovery" and "merits discovery."  *See* FED. R. CIV. P. 23 (c)(1)(A) (adv. comm. notes).

## 4.  CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Bifurcate Discovery.

Date: November 28, 2011                           R. REX PARRIS LAW FIRM

                                                  By: _____
                                                       Alexander R. Wheeler
                                                       Attorneys for Plaintiff

6