1  JENNER & BLOCK LLP
   David J. Bradford (*pro hac vice*)
2  Michael T. Brody (*pro hac vice*)
   353 N. Clark St.
3  Chicago, Illinois  60654
   Telephone: (312) 222-9350
4  Fax: (312) 840-7711

5  Jean M. Doherty (Cal. Bar No. 264308)
   633 West 5th Street, Suite 3600
6  Los Angeles, California  90071
   Telephone:  (213) 239-5100
7  Fax: (213) 239-5182

8  Counsel for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| **DAVID FESKE and TERI FESKE, individually and on behalf of Class Members,**<br><br>Plaintiffs,<br><br>v.<br><br>**MHC THOUSAND TRAILS LIMITED PARTNERSHIP, MHC OPERATING LIMITED PARTNERSHIP, EQUITY LIFESTYLE PROPERTIES, INC., a Maryland corporation; THOUSAND TRAILS MANAGEMENT SERVICES, INC., a Nevada corporation, and Does 1-100, inclusive,**<br><br>**Defendants.** | Case No. 11-04124 (PSG)<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY**<br><br>Hearing date: January 3, 2011<br>Time: 10:00 a.m.<br>Courtroom: 5<br>Judge:  Hon. Paul S. Grewal<br><br>Action Filed: July 24, 2011<br>Trial Date:  Not set |

Defendants demonstrated in their motion that discovery in class actions is frequently bifurcated and this was an appropriate case in which to separate discovery into certification and merits stages. Certification discovery will necessarily be a subset of all discovery in the case, and if class certification is denied, merits discovery will not be needed at all, saving the parties and the Court the burden of extensive discovery. Moreover, bifurcation will speed resolution of the critical certification issue.

In response, plaintiffs do not dispute that discovery in class actions is routinely staged by district courts in the Ninth Circuit and elsewhere. Nor do plaintiffs dispute that this case is unlikely to continue if certification is not granted, a factor routinely held to support bifurcation. Finally, plaintiffs make no showing to refute that many of the discovery issues in this case are easily categorized as either merits-focused or certification-focused.

Instead, plaintiffs make two arguments. <u>First</u>, they claim that because this Court may be required to probe behind the pleadings when determining the propriety of class certification, the court should not bifurcate discovery at all. Plaintiffs identify a few issues they believe may touch on both the merits and certification in this case and argue those issues render any classification between merits and certification discovery "artificial." Opp. at 1, 5.

Plaintiffs' argument reflects a misunderstanding of the law. Neither *Dukes v. Wal-Mart Stores, Inc.*, 131 S. Ct. 2541 (2011), nor any of plaintiffs' other cases, stand for the proposition that a preliminary inquiry into the merits at the certification stage is even relevant to bifurcation. The law remains clear that bifurcation is a helpful tool for managing class actions of all types, including those in which there may be some overlap between merits and class issues. Nothing about this case supports going forward with burdensome merits discovery that will be a total waste if certification is denied.

<u>Second</u>, plaintiffs argue that the line between certification and merits discovery is hard to draw, and therefore this Court should abandon the effort and permit unfettered, burdensome discovery now. Plaintiffs have already asked the Court to remove the limits on discovery found in the Federal Rules. Plaintiffs' argument is a transparent attempt to gain a tactical advantage by imposing huge, and unnecessary, discovery costs on defendants.

Discovery that relates to class certification should go forward now. Discovery that relates only to the merits should wait, and should take place only if the case proceeds. In every case in which bifurcation is ordered, the parties and the court have been able to police the boundary between certification and merits issues. This case is no different. The parties and the Court have the good sense to discern the difference between class and merits discovery. Bifurcation will serve the purposes for which it was created: it will advance the certification decision, avoid unnecessary discovery and expense, and facilitate the expeditious resolution of the action.

## ARGUMENT

### I.   Discovery In Class Actions Is Frequently Bifurcated.

Plaintiffs ignore the weight of authority cited in defendants' motion supporting bifurcating discovery in class actions, including the Federal Judicial Center's guidance in the Manual on Complex Litigation. Mot. at 3-6. In class actions, holding off on the more burdensome merits discovery unless and until a class is certified serves the interests of the parties and the Court. Plaintiffs do not deny that certification discovery will be narrower than merits discovery, and staging discovery postpones – and likely avoids entirely – costly merits discovery. Moreover, bifurcating discovery will allow this Court to resolve the class certification issue sooner. Plaintiffs do not refute the arguments in the motion showing discovery is appropriately bifurcated.

### II.  Plaintiffs' Reasons To Deny Bifurcation Are Unfounded.

#### A.   *Wal-Mart* Did Not Suggest Bifurcation is Improper Because the Certification Determination May Overlap With the Merits.

Relying on *Wal-Mart*, plaintiffs argue that a bifurcation order is "inappropriate" and "unworkable" because "some merits discovery is involved at the certification stage." Br. at 2.

*Wal-Mart* did not address bifurcation. The question in *Wal-Mart* was whether the district court erred in certifying "one of the most expansive class actions ever," which the Court of Appeal had "substantially affirmed." 131 S. Ct. at 2546, 2549. The Supreme Court reaffirmed its prior ruling that "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id.* at 2551 (quoting *Gen. Tele. Co. of Sw. v. Falcon*, 457 U.S. 147, 157-58 (1982)). Echoing its observation in *Falcon* that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification

question," the Court noted that "[f]requently" the "'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Id.* (quoting *Falcon*, 457 U.S. at 160). The Supreme Court did not address the propriety of bifurcating class and merits discovery.[1]

Nor can plaintiffs' inference – that a rigorous class certification analysis is inconsistent with bifurcation – be drawn from *Wal-Mart*. Even before *Wal-Mart*, courts in the Ninth Circuit went behind the pleadings in deciding whether to certify a class. The Ninth Circuit decision reversed in *Wal-Mart* called for some factual review at certification. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 582 (9th Cir. 2010) (district court must use "inquiries into facts" to "probe the plaintiffs' claims of compliance with Rule 23"). Yet courts in this Circuit directed bifurcation notwithstanding the fact that the trial court could engage in some factual analysis at class certification. *See, e.g., Perez v. State Farm Mut. Auto. Ins. Co.*, No. 06-01926, 2011 WL 1496326, at *1 n.2 (N.D. Cal. Apr. 20, 2011).

Plaintiffs' argument is further disproven by the experience of other courts that have for years applied the rigorous analysis called for in *Wal-Mart*. In the years leading up to *Wal-Mart*, many courts ruled that certification may sometimes require a preliminary inquiry into the merits. Notably, the Seventh, Second, and Third Circuits had called for a rigorous factual analysis at certification. *See, e.g., Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (at certification, district can court make a "preliminary inquiry into the merits"); *In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 27 (2d Cir. 2006), *decision clarified on denial of reh'g*, 483 F.3d 70 (2d Cir. 2007) (rigorous analysis required even if it "might overlap with an issue on the merits"); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2008) ("the court must resolve all

---

[1] Plaintiffs' other cases do not hold or even indicate that bifurcation is improper where certification may require inquiry into the merits. *See* Opp. at 2. In *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468-69 (1978), the Court considered whether the denial of certification is a final decision under 28 U.S.C. § 1291. The Court's discussion of the potential overlap between merits and class discovery was in the context of its ruling that a certification order is not "completely separate from the merits of the action" for the purposes of the final judgment rule. *Id.* at 468-69. Defendants do not claim certification is "completely separate" from the merits, only that class discovery is narrower than merits discovery. Thus, *Coopers* is inapposite. *Falcon* merely observed that the "plaintiff's plea that he is a proper class representative" "sometimes" will require "the court to probe behind" the pleadings (457 U.S. at 160), which does not assist plaintiffs. Finally, *Mercantile Nat'l Bank v. Langdeau*, 371 U.S. 555, 558 (1963), did not involve class certification, let alone bifurcation, and thus has no bearing on this case.

factual or legal disputes relevant to class certification, even if they overlap with the merits"). These courts embraced "prob[ing] behind the pleadings" before *Wal-Mart* confirmed that such probing "cannot be helped," (131 S. Ct. at 2551). Nonetheless, courts in these circuits routinely bifurcated discovery, recognizing that discovery required for a preliminary inquiry into the merits is still a far cry from full-blown merits discovery. *See, e.g., George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789-90 (7th Cir. 2011) (the district court "bifurcated fact discovery from discovery relating to class certification"); *Johnson v. Allstate Ins. Co.*, No. 07-0781, 2011 WL 3476611, at *1 (S.D. Ill. Aug. 9, 2011) ("[d]iscovery was bifurcated, with a second round of discovery slated after the class certification issue was decided."); *Salon FAD v. L'Oreal USA, Inc.*, No. 10-5063, 2011 WL 4089902, at *5 (S.D.N.Y. Sept. 14, 2011) (court bifurcated discovery).

As these cases make clear, there is no tension between conducting the "rigorous analysis" required by *Wal-Mart*, while at the same time concluding that class discovery and merits discovery should be conducted separately.

**B.    Bifurcation of Discovery Will Promote Judicial Economy.**

Plaintiffs next argue that because certification and merits discovery may overlap, bifurcation will hinder the efficient administration of this case. The potential discovery in this case can be represented by the following diagram:



As shown in the diagram, some discovery relates purely to class issues, such as whether the class is numerous and whether plaintiffs are adequate representatives. Other discovery relates only to the merits, such as whether representations made by defendants were correct, whether defendants complied with all of the state laws alleged in the complaint, and whether plaintiffs were injured. Some discovery may relate to both.

Despite the possibility of overlap, there is no legitimate reason for the parties to conduct now extensive discovery relating only to the merits. Pre-certification discovery on issues that the Court

will not need to address for a long time, if ever, needlessly delays the case and imposes wasteful expenses on defendants. That is why courts bifurcate discovery notwithstanding the possibility of overlap. *See Gibson v. Int'l Bus. Machines Corp.*, No. 10-0030, 2011 WL 4402599, at *1, 3 (Sept. 22, 2011) (noting companion case in which "the court has bifurcated class certification and pure merits discovery pending the ruling on the plaintiffs' motion for class certification," despite that "there may be some significant overlaps between certification and merits discovery"); *Embry v. Acer Am. Corp.*, No. 09-01808, 2010 WL 399108, at *2 (N.D. Cal. Jan. 28, 2010) (that "the distinction between class and merits discovery" is not "clear-cut" "does not mean that there is no distinction at all").

Plaintiffs argue that because the line will sometimes be hard to draw, the parties and the court should make no effort to draw it at all. Plaintiffs argue that bifurcation will not narrow discovery because, for example, "evidence relevant to the commonality requirement is often intertwined with the merits." Opp. at 3. Plaintiffs also contend that a "limited discovery plan would make it impossible" for them to "gather enough information to prove class certification" because their complaint includes fraud allegations, which they insist will render merits and class discovery essentially coextensive. Opp. at 4. Tellingly, plaintiffs do not identify any merits discovery they need to satisfy their class certification burden. The Federal Judicial Center and courts that have addressed this issue have soundly rejected plaintiffs' argument. *See* Federal Judicial Center, Manual for Complex Litigation, § 21.14 (4th ed. 2008) (hereafter "Manual") at 256 ("discovery into the merits," unlike "discovery into certification issues," generally "pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed").

Plaintiffs cannot deny that much of the discovery in this case will have nothing to do with class certification. There are numerous categories of discovery in this case that can easily be labeled as generally "merits-focused" or "certification-focused." At the certification stage, the Court will focus on whether there are common issues, and whether they predominate. For example, whether the Feskes are typical of the putative class members, whether they are adequate class representatives, and whether their experiences were the same as or different from other putative class members, are issues that are primarily relevant to the certification question. *See* Manual at 256 (certification discovery should test "whether the claims and defenses are susceptible to class-wide proof").

Discovery on the merits of the claims need not take place now. For example, whether the alleged representations to class members were false (*e.g.* Compl. ¶ 21), or amounted to violations of the various notice statutes set forth in the complaint, are merits issues. Similarly, complex factual issues related to fraud claims need not be decided now. For example, whether defendants made any representations with intent to defraud the class members or induce their reliance (Compl. ¶ 70), and whether defendants intended to reimburse unsatisfied program members (Compl. ¶ 83) will be relevant only if a class is certified. *See* Manual at 256. Likewise, there would be no need to explore the issue of damages, including the development of expert proof on the topic. The burdensome merits discovery has no place in the case unless and until a class is certified.

The cases plaintiffs cite do not support denying bifurcation; in fact, they support defendants' position. In *In re Hamilton Bancorp, Inc. Sec. Litig.*, No. 01-0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) – which plaintiffs cite for the proposition that bifurcation supposedly leads to "endless disputes" – the court "approve[d] a detailed discovery plan which prioritizes 'class' related discovery," and required the parties to identify a date certain for the "completion of class related fact discovery" and "expert class discovery." *Id.* at *1-2. The court explained that it "cannot anticipate the nature or magnitude of issues that may arise during the discovery process between 'class' and 'merits' discovery," but "[i]n lieu of specifying detailed rules," the court nonetheless instructed the parties to develop the schedule. The court specifically instructed that the plan would be "monitor[ed] by the court." *Id.* Thus, *In re Hamilton* supports bifurcated discovery and Rule 23's admonition that "active judicial supervision" will help ensure class discovery is "prioritize[d]." *Id.*; Fed. R. Civ. P. 23 (adv. comm. notes).[2]

Similarly, in *In re Urethane Antitrust Litig*, 237 F.R.D. 454, 459 (D. Kan. 2006), the court denied in part and granted in part a pre-certification motion to compel in a class action. The court had previously bifurcated discovery, and thus compelled discovery "relevant in making a class action determination," but not discovery relevant only to the merits. *Id.* at 457-59. As to the merits discovery requests, "the Court finds [them] premature; in other words, that the requests relate to the

---

[2] Plaintiffs' reliance on *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) (Opp. at 4), is misplaced. The main issue in *Gray* was a motion to stay discovery. The passage plaintiffs cite consists of one sentence of dicta. It does not appear that a party in *Gray* requested bifurcation. *Id.*

merits of the litigation and not class certification issues, and thus they improperly attempt to circumvent the Court's bifurcation of discovery." *Id.* at 464. Accordingly, *In re Urethane* also condones bifurcation of discovery, even where bifurcation gives rise to disputes requiring the Court's supervision.

The cases plaintiffs cite in support of their argument that bifurcation will slow the case are also inapposite, because those cases involved egregious case delays, together with the existence of other factors. For example, in *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 172, 174 n.7 (D.D.C. 2009), the court denied bifurcation in a complex multi-district litigation where the "first of the suits . . . was filed over two years ago," and the court concluded bifurcation may never be proper in antitrust cases, which this case is not. Moreover, although the court did not officially bifurcate discovery, the court ruled that the certification briefing schedule was to be shortened, with the understanding that an "initial" period of discovery would take place during the brief period preceding the class certification determination. *Id.* at 176. This approach was in keeping with the court's caution to the parties that its denial of the bifurcation motion "is not to say that untrammeled and unlimited discovery is appropriate before the issue of class certification is addressed." *Id.* Noting that "[p]laintiffs will have to concede that what may be a king's ransom will have been spent on discovery that may never be used" if certification is denied, the court explained that its approach ensured that the certification issue was "resolved as quickly as it can be to bring certainty to the litigation and avoid wasting resources on discovery that turns out to be irrelevant." *Id.* In short, the court acknowledged the importance of preventing irrelevant (i.e. merits-focused) discovery by allowing only a limited period of certification discovery. *Id.*

Likewise, in *In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, at *3, (E.D. Pa. Nov. 29, 2004), the court denied a motion to bifurcate where the matter had been pending for 18 months. Unlike this case, where plaintiffs admitted in their complaint that if class certification is denied the case will not go forward, in *Plastics* the court concluded "there is no reason to believe that denial of class certification will terminate this litigation." *Id.* at *4. As a result, "[t]he likelihood of the continuation of individual claims" "belies whatever time and expense may be saved in the future through the narrowing of discovery pursuant to the resolution of class

certification motions." *Id.* Here the opposite is true. If class certification is denied, this case in its present form will conclude.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Defendants' Motion, defendants respectfully requests the Court to grant their Motion to Bifurcate Discovery.

Respectfully submitted,

MHC THOUSAND TRAILS LIMITED PARTNERSHIP, MHC OPERATING LIMITED PARTNERSHIP, EQUITY LIFESTYLE PROPERTIES, INC., a Maryland corporation; THOUSAND TRAILS MANAGEMENT SERVICES, INC., a Nevada corporation,

DATE: December 14, 2011            By:   /s/ David J. Bradford
                                         One of their Attorneys

# PROOF OF SERVICE

I, Diana Valdez, declare I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Jenner & Block LLP, 633 West 5th Street, Suite 3600, Los Angeles, California 90071.

On December 14, 2011, I served the documents described below:

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY**

on the interested parties in this action as follows:

| | |
|---|---|
| Alexander R. Wheeler | Kevin Shenkman |
| R. REX PARRIS LAW FIRM | SHENKMAN & HUGHES |
| 2220 10th Street West, Suite 109 | 28905 Wight Road |
| Lancaster, California 93534 | Malibu, California 90265 |

☑  **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited in the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☑  [Federal] I declare under penalty of perjury that the foregoing is true and correct

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 14, 2011, at Los Angeles, California.

_____
Diana Valdez