1
2
3
4
5
6
7
8

9                              UNITED STATES DISTRICT COURT
10                             NORTHERN DISTRICT OF CALIFORNIA
11                                    SAN JOSE DIVISION

| | | |
|---|---|---|
| DAVID FESKE AND TERI FESKE, | ) | Case No.: C 11-04124 PSG |
| | ) | |
| Plaintiffs, | ) | **ORDER DENYING DEFENDANTS'** |
| | ) | **MOTION TO BIFURCATE** |
| v. | ) | **DISCOVERY** |
| | ) | |
| MHC THOUSAND TRIALS LIMITED PARTNERSHIP, ET AL., | ) ) | **(Re: Docket No. 33)** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   Defendants MHC Thousand Trails Limited Partnership, MHC Operating Limited Partnership, Equity Lifestyle Properties, Inc. and Thousand Trails Management Services, Inc. (collectively "Defendants") move to bifurcate discovery. Plaintiffs David Feske and Teri Feske (collectively "Plaintiffs") oppose the motion. On January 3, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

   IT IS HEREBY ORDERED that Defendants' motion to bifurcate discovery is DENIED.

   This is a putative class action. Defendants argue that to reduce the burden of the far-reaching and costly discovery suggested by Plaintiffs, discovery should be bifurcated into two phases – class and merits discovery. Defendants cite three specific reasons to bifurcate: (1) class discovery will be substantially narrower; (2) if, as Defendants expect, the court denies class certification, substantial merits discovery including discovery on liability and damages can be avoided; and (3) bifurcation

Case No.: C 11-04124 PSG                              1
ORDER DENYING MOTION TO BIFURCATE

1 will expedite the certification decision.

2 Plaintiffs respond that because the issues of class certification are so intertwined with the underlying causes of action, bifurcation will not work and that any efficiency gains would be illusory.

5 Although this is a close question, the court agrees with Plaintiffs. Only recently, in *Dukes v. Wal-Mart,* the Supreme Court addressed the certification requirement of Fed. R. Civ. P. 23(c)(1)(A) and affirmed the certification determination "will entail some overlap with the merits of the plaintiff's underlying claim."[1] The necessary implication is that even under a bifurcated structure, certain merits discovery will be required. Bifurcation may nevertheless make sense in some cases. But where, as here, fraud and other representation-based claims are at the center of the case, the overlap of the merits to the certification question appears so substantial that any efficiency gains from bifurcation appear to be minimal. Under these circumstances, the court sees little benefit to drawing a line between class discovery and merits discovery that will almost certainly invite further dissonance among the parties.

**IT IS SO ORDERED**.

Dated: 1/4/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[1] __U.S. __, 131 S.Ct. 2541, 51-52, 180 L.Ed.2d 374 (2011).

Case No.: C 11-04124 PSG   2
ORDER DENYING MOTION TO BIFURCATE