R. Rex Parris, Esq. (SBN 96567)
rrparris@rrexparris.com
Alexander R. Wheeler, Esq. (SBN 239541)
awheeler@rrexparris.com
Kitty Szeto, Esq. (SBN 258136)
kszeto@rrexparris.com
**R. REX PARRIS LAW FIRM**
42220 10th Street West, Suite 109
Lancaster, California 93534
T:  (661) 949-2595  /  F:   (661) 949-7524

Kevin I. Shenkman, Esq. (SBN 223315)
kshenkman@shenkmanhughes.com
Mary R. Hughes, Esq. (SBN 222662)
mhughes@shenkmanhughes.com
**SHENKMAN & HUGHES**
28905 Wight Road
Malibu, California 90265
T:  (310) 457-0970

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FESKE and TERI FESKE, individually and on behalf of Class Members,<br><br>              Plaintiffs,<br><br>       v.<br><br>MHC THOUSAND TRAILS LIMITED PARTNERSHIP, MHC OPERATING LIMITED PARTNERSHIP, EQUITY LIFESTYLE PROPERTIES, INC., a Maryland corporation; THOUSAND TRAILS MANAGEMENT SERVICES, INC., a Nevada corporation, and Does 1-100, inclusive,<br><br>              Defendants. | Case No.:  CV-11-04124 (PSG)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' CONSOLIDATED NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES (SET ONE) PROPOUNDED ON DEFENDANTS MHC THOUSAND TRAILS LIMITED PARTNERSHIP, MHC OPERATING LIMITED PARTNERSHIP, EQUITY LIFESTYLE PROPERTIES, INC., AND THOUSAND TRAILS MANAGEMENT SERVICES, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Declaration of Alexander R. Wheeler and [Proposed] Order]<br><br>Date:          February 28, 2012<br>Time:          10:00 a.m.<br>Courtroom:  5<br><br>[Honorable Paul S. Grewal] |

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 28, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Paul S. Grewal in Courtroom 5 of the United States District Court for the Northern District of California, Plaintiffs David Feske and Teri Feske ("Plaintiffs") will and hereby move the Court for an order compelling Defendants MHC Thousand Trails Limited Partnership, MHC Operating Limited Partnership, Equity Lifestyle Properties, Inc., and Thousand Trails Management Services, Inc. ("Defendants") to provide further responses to Plaintiffs' Interrogatories (Set One) Nos. 1 and 2.

This Motion is brought pursuant to Federal Rules of Civil Procedure 26(b) and Federal Rules of Civil Procedure 37(a) and will be based upon this notice, the accompanying Memorandum of Points and Authorities, the Declaration of Alexander R. Wheeler, the pleadings and papers on file in this matter, the [Proposed] Order lodged together with this Motion, and upon such documentary evidence and oral argument as may be presented at the hearing of this Motion.

The parties met and conferred pursuant to Local Rule 37-1(a).

Dated: January 24, 2012                    Respectfully submitted:


                                           **SHENKMAN & HUGHES**
                                           KEVIN I. SHENKMAN
                                           MARY R. HUGHES

                                           **R. REX PARRIS LAW FIRM**
                                           R. REX PARRIS
                                           ALEXANDER R. WHEELER
                                           KITTY SZETO


                                                      /s/ Alexander R. Wheeler
                                           By: _____
                                           Attorneys for Plaintiffs David and Teri Feske,
                                           individually and on behalf of Class Members

1

# TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

   1.   INTRODUCTION .................................................................................................... 1

   2.   BACKGROUND ..................................................................................................... 1

   3.   THE PARTIES' MEET-AND-CONFER EFFORTS ........................................................ 2

   4.   LEGAL STANDARDS ............................................................................................ 3

   5.   PLAINTIFF'S INTERROGATORIES SEEK RELEVANT AND DISCOVERABLE
INFORMATION. .................................................................................................................. 4

     A.   Interrogatory No. 1 ................................................................................ 4

     B.   Interrogatory No. 2 ................................................................................ 6

PLAINTIFFS' INTERROGATORIES SERVED ON MHC THOUSAND TRAILS LIMITED
PARTNERSHIP AND DEFENDANT'S RESPONSE ............................................................. 7

PLAINTIFFS' INTERROGATORIES SERVED ON MHC OPERATING LIMITED PARTERSHIP AND
DEFENDANT'S RESPONSE ............................................................................................ 10

PLAINTIFFS' INTERROGATORIES SERVED ON EQUITY LIFESTYLE PROPERTIES, INC. AND
DEFENDANT'S RESPONSE ............................................................................................ 13

PLAINTIFFS' INTERROGATORIES SERVED ON THOUSAND TRAIL MANAGEMENT SERVICES,
INC. AND DEFENDANT'S RESPONSE ............................................................................. 16

   6.   CONCLUSION ................................................................................................... 19

i

1

## TABLE OF AUTHORITIES

2

PAGE

3

**Cases**

4

*A. Farber & Partners, Inc. v. Garber*

5

    234 F.R.D. 186, 188 (C.D. Cal. 2006) ............................................................4

6

*Artis v. Deere & Co.*

7

    276 F.R.D. 348, 351 (N.D. Cal. 2011) ...........................................................3

8

*Bible v. Rio Props., Inc.*

9

    246 F.R.D. 614, 619 (C.D. Cal. 2007) .........................................................4, 6

10

*Blankenship v. Hearst Corp.*

11

    519 F.2d 418, 429 (9th Cir. 1975) ................................................................3

12

*Fitzgerald v. Cassil*

13

    216 F.R.D. 632, 634 (N.D. Cal. 2003) ..........................................................3

14

*Garneau v. Seattle*

15

    147 F.3d 802, 812 (9th Cir. 1998) ................................................................3

16

*Khalilpour v. CELLCO P'ship*

17

    No. C 09-02712 CW MEJ, 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010) .................3, 5

18

*Sanbrook v. Office Depot*

19

    No. C 07-5938 RMW (PVT), 2009 WL 840019 *1 (C.D. Cal. Mar. 30, 2009) ...........4

20

*Sequoia Prop. Equip. Ltd. P'ship v. United States*

21

    203 F.R.D. 447, 451 (E.D. Cal. 2001) ..........................................................3

22

*Sullivan v. Prudential Ins. Co. of Am.*

23

    233 F.R.D. 573, 575 (C.D. Cal. 2005) .........................................................4, 6

24

25

26

27

28

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Especially in light of the Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes*, discovery of the putative class members' contact information is not only appropriate and highly relevant, it is absolutely necessary in order to fully address class certification. Contacting and making putative class members aware of Plaintiffs' allegations allows a class representative plaintiff to investigate and prove the commonality and typicality of his claims with respect to those of the absent class members.  Only with this discovery can the Court decide a class certification motion on a fully-developed factual record.

Plaintiffs requested the contact information for the putative class members in a couple straight-forward interrogatories, and, in the meet and confer process, agreed to the identification of a drastically narrowed class-member sample.  Indeed, it is precisely such a sample that Defendant acknowledged, in its Motion to Bifurcate Discovery [Docket # 33], would be necessary in this case.  Nonetheless, Defendants flatly rejected those efforts, making no effort to compromise at all, so Plaintiffs must now bring this motion to obtain the discovery that they are entitled to, and that they need for the prosecution of this case.

## 2. BACKGROUND

On July 24, 2011, David and Teri Feske (collectively "Plaintiffs") filed a class action complaint against MCH Thousand Trails Limited Partnership, MHC Operating Limited Partnership, Equity Lifestyle Properties, Inc., and Thousand Trails Management Services, Inc. (collectively "Defendants")  Plaintiffs filed their consumer class action complaint against Defendants for, among other things, rescission and refund of monies paid in connection with campground memberships based on violations of California, Arizona, Texas, Florida and Nevada laws governing such campground membership

/ / / /

1

contracts.  Plaintiffs' class action complaint further alleges causes of action for intentional misrepresentation, fraud, negligent misrepresentation, and unjust enrichment.

On October 13, 2011, Plaintiffs served Defendants with the Interrogatories at issue in this Motion.  [Declaration of Alexander R. Wheeler ("Wheeler Decl."), ¶¶ 1-4, Exs. A-D.]  Defendants each served identical responses to Plaintiffs' Interrogatories (Set One) on December 1, 2011.[1]  [Wheeler Decl., ¶¶ 5-8, Exs. E-H.]  Defendants objected to the two interrogatories at issue and did not provide an adequate response.  [Wheeler Decl., Exs.E-H.]  Defendants' main contention is that they are not required to produce the names and addresses of its members at this time.  Defendants have failed to provide substantive responses to Plaintiffs' Interrogatories (Set One), Nos. 1 and 2.  Instead, Defendants "responded" with boilerplate objections -- that the interrogatories are overbroad, unduly burdensome, and seek information that is not reasonably calculated to lead to the discovery of admissible evidence. [Wheeler Decl., Exs. E-H.]  Defendant then chose to provide information wholly different than what the interrogatories request.  [Wheeler Decl., Ex. E-H.]  The parties met and conferred in an effort to informally resolve their discovery dispute; however, Defendants have stood by their objections and refused to provide adequate responses to Interrogatories 1 and 2, leaving Plaintiffs no choice but to seek judicial intervention.  [Wheeler Decl., ¶¶ 9 and 10, Exs. I and J.]

### 3.   THE PARTIES' MEET-AND-CONFER EFFORTS

Plaintiffs' counsel sent Defendants' counsel a meet and confer letter on December 16, 2011, addressing the deficiencies in Defendants' interrogatory responses. [Wheeler Decl., ¶ 9, Ex. I.]  In that initial meet and confer letter, Plaintiffs cited legal authority demonstrating that Plaintiffs are entitled to the names and addresses of putative class

---

[1]    Plaintiffs served identical Interrogatories on each of the four defendants on October 13, 2011.  Each of the four defendants responded with identical objections and responses on December 1, 2011.  Instead of filing four separate motions to compel; in an effort to minimize the burden on this Court, Plaintiffs have consolidated the four motions.

members, as putative class members are at the very least percipient witnesses to the actions of the Defendant that are the subject of this case. [Wheeler Decl., Ex. I.]  In an attempt to compromise even at the outset of the meet and confer process, Plaintiffs offered to agree to a very limited and narrow sampling of 2,000 – out of what Defendants have stated is 105,000 total – putative class members.  Defendants rejected that proposal in their December 29, 2011 response, and offered no compromise that might lead to a resolution of the dispute without court intervention. [Wheeler Decl., ¶ 10, Ex. J.]  As such, Defendants left Plaintiffs no choice but to bring this motion.

**4.    LEGAL STANDARDS**

"To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion." *Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011).

The scope of discovery is to be construed liberally, and relevance for purposes of discovery is defined "very broadly." *Garneau v. Seattle,* 147 F.3d 802, 812 (9th Cir. 1998); *Fitzgerald v. Cassil,* 216 F.R.D. 632, 634 (N.D. Cal. 2003).  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party." *Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW MEJ, 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010).  Here, as will be discussed below the names and contact information of putative class members is highly relevant, as the names and contact information of percipient witnesses will tend to show what representations were made by Defendant during membership purchases, and what written materials were provided to those members.

A party seeking to withhold discovery has a "heavy burden" in showing why discovery should not be permitted.  *See Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Sequoia Prop. Equip. Ltd. P'ship v. United States*, 203 F.R.D. 447, 451 (E.D. Cal. 2001).  When determining whether a discovery request is unduly burdensome,

3

the court must balance the interests of allowing discovery against the burden of the parties.  *Sullivan v. Prudential Ins. Co. of Am.,* 233 F.R.D. 573, 575 (C.D. Cal. 2005).  Conclusory objections that the requests are burdensome, like the Defendants assert here, are insufficient to meet the resisting party's burden.  *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 619 (C.D. Cal. 2007); *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 188 (C.D. Cal. 2006).

As discussed below, Defendants cannot meet their "heavy burden" of justifying their refusal to adequately respond to Interrogatory Nos. 1 and 2, and thus should be compelled to actually answer Plaintiffs' Interrogatory Nos. 1 and 2.

**5.**   **PLAINTIFF'S INTERROGATORIES SEEK RELEVANT AND DISCOVERABLE INFORMATION.**

**A.**   **Interrogatory No. 1**

Interrogatory No. 1 seeks the names and contact information for Defendants' members during the class period – in other words the putative class defined in the Complaint.  In response, Defendants instead identified the *number* of current members as of November 30, 2011.  Plaintiffs' Interrogatory No. 1 does not seek the number of current members; it requests the names and contact information of those members.

The law is abundantly clear that putative class members are potential percipient witnesses whose contact information is subject to discovery.  In *Sanbrook v. Office Depot*, No. C 07-5938 RMW (PVT), 2009 WL 840019 *1 (C.D. Cal. Mar. 30, 2009), faced with a strikingly similar issue to that presented here, the court held that "named Plaintiff is entitled to discover this contact information because the customers who purchased repair plans are percipient witnesses of, ***at a minimum***, what representations Defendant made regarding those plans."  (Emphasis added).  As in *Sanbrook*, all of the Defendants' members are percipient witnesses to Defendants' actions and representations made in the course of selling memberships to class members, as well as actions and representations made when collecting dues from class members.

4

Similarly, in *Khalilpour*, also a consumer class action, Magistrate Judge James, in this court, found that the disclosure of names, addresses, and telephone numbers of the putative class members is "***common practice***" in the class action context.  2010 WL 1267749 *3 (emphasis added). The court in *Khalilpour* further found that "production of each putative class member's residential telephone number, along with their name and address, is relevant to and reasonably calculated to lead to the discovery of evidence relevant to class certification issues."  *Id.*  at *2.

With the names, addresses and telephone numbers of the putative class members, Plaintiffs can contact these individuals to ascertain whether common questions of law and fact exist, and evaluate the typicality of Plaintiffs' claims compared with those of the absent class members.  2010 WL 1267749 *2.  "Without such information, Plaintiff's efforts to pursue his consumer advocacy rights claims would be hindered, especially with a looming certification motion due."  *Id.* at *3.

Defendants' assertion that the Plaintiffs possess all the information they need to assess the typicality of their own claims is a gross oversimplification, and even runs contrary to their own court filings.  [Wheeler Decl Ex. J. at 2.]  Defendants argue that Plaintiffs' claims are not typical to those of the absent class members because they (Plaintiffs) inherited their membership.  [Wheeler Decl Ex. J. at 2.]  However, Defendants' assertions are the precise reasons for which such discovery must be allowed. Without the names and contact information of putative class members, Plaintiffs cannot ascertain whether other members of the putative class inherited their memberships, or whether the manner in which a membership was obtained has any relevance to the claims and defenses in this case, such that a subclass is necessary.

Indeed, Defendants acknowledge that this very discovery is necessary and appropriate.  Specifically, in their Motion to Bifurcate Discovery, Defendants took a position directly contradicting their refusal to provide the contact information of members of the putative class:

/ / / /

5

> "In this case, discovery should be conducted regarding whether the Feskes are typical of the putative class members, whether they are adequate class representatives, and whether their experiences were the same as or different from *a sampling of putative class members*."  [Docket #33, page 5 of 11.] (emphasis added).

Plaintiff requests that the Court order Defendants to produce the potential class members' contact information.  Alternatively, Plaintiffs request that – as Plaintiffs offered in the course of the parties' meet-and-confer process – the Court order Defendants to provide at least a sampling of the putative class members' names and contact information that is sufficient in size and diversity.

## B.    Interrogatory No. 2

Interrogatory No. 2 seeks the types of memberships held by those individuals identified in Interrogatory No. 1.  Defendants objected to this interrogatory, stating that such information could not be produced without great burden.  As previously stated, when determining whether a discovery request is unduly burdensome, the court must balance the interests of allowing discovery against the burden of the parties.  *Sullivan*, 233 F.R.D. at 575.  It is insufficient to conclusively object that the requests are burdensome, as Defendants have done here.  *Bible,* 246 F.R.D. at 619.

Defendants attempt to justify their "burdensome" objection by stating that there are dozens of different types of memberships and that members change their memberships frequently, adding new upgrades.  But this is necessarily all capable of being determined from Defendants' own business records; indeed, that is the only practical way to determine what types of membership each class member holds.  If Defendants intend to oppose class certification by arguing that members have different types of memberships, as they have indicated they will, then certainly they should at least provide the requested information that relates precisely to their defense.

/ / / /

6

In an effort to meet and confer on this issue, Plaintiffs suggested that Defendant produce the memberships of only those individuals identified in the proposed 2000-member contact information sampling.  In a further effort to reach a compromise before filing this motion, Plaintiff suggested that Defendant identify the types of memberships that the sample class members initially purchased.  [Wheeler Decl. Ex I. at 2.]

Information pertaining to the types of memberships purchased by members is highly relevant to show what types of memberships the putative class members were able to purchase.  Such information is also highly relevant, as part of Plaintiffs' cause of action is for misrepresentation and fraud.  In order to determine what was represented to putative class members at the time of purchase, Plaintiffs must know what types of memberships were purchased by those putative class members and what representations were made by Defendants and what documents they provided to the putative class members.

### PLAINTIFFS' INTERROGATORIES SERVED ON MHC THOUSAND TRAILS LIMITED PARTNERSHIP AND DEFENDANT'S RESPONSE

### SPECIAL INTERROGATORY NO. 1:

IDENTIFY all PERSONS (for the purpose of these Interrogatories, the term "PERSON" means any natural person, corporation, partnership, unincorporated association, limited liability company, governmental unit, or any other entity) that purchased memberships from, or paid membership dues to YOU (for the purposes of these Interrogatories, YOU and YOUR means and refers to Defendant MHC Thousand Trails Limited Partnership) between July 2, 2007 and the present.

### DEFENDANT'S RESPONSE TO SPECIAL INTERROGATORY NO. 1:

In addition to the General Objections stated above, which we incorporate by reference in full, MHC Thousand Trails objects to Interrogatory No.1 because it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to

7

lead to the discovery of admissible evidence. Moreover, MHC Thousand Trails objects to Interrogatory No.1 as vague and ambiguous, particularly in relation to the word "Identify."

Subject to those objections, MHC Thousand Trails provides the following breakdown of the number of current members served by MHC Thousand Trails and four affiliated companies, MHC NACO Limited Partnership, MHC Outdoor World Limited Partnership, MHC Leisure Time Limited Partnership, and MHC Mid-Atlantic Resorts Limited Partnership, as of November 30, 2011.

| Entity | Number of Current Members |
|---|---|
| MHC NACO Limited Partnership | 12,683 |
| MHC Thousand Trails Limited Partnership | 67.592 |
| MHC Mid-Atlantic Resorts Limited Partnership | 4,586 |
| MHC Outdoor World Limited Partnership | 14,072 |
| MHC Leisure Time Limited Partnership | 6,719 |

**SPECIAL INTERROGATORY NO. 2:**

For each and every PERSON identified by YOU in YOUR response to Interrogatory No. 1 state which type of membership that class member purchased.

**DEFENDANT'S RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

In addition to the General Objections stated above, which we incorporate by reference in full, MHC Thousand Trails objects to Interrogatory No.2 because it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

8

Subject to the foregoing objections, and based on its review of information currently available to it, MHC Thousand Trails states that members currently participate in programs offered by five separate companies: MHC NACO Limited Partnership, MHC Thousand Trails Limited Partnership, MHC Outdoor World Limited Partnership, MHC Leisure Time Limited Partnership, and MHC Mid-Atlantic Resorts Limited Partnership, that are owned indirectly by Equity Lifestyle Properties, Inc. and operated under the management of MHC Operating Limited Partnership. Each company has offered multiple programs, with different benefits and conditions for each program. Also, it is not unusual for members to upgrade their membership in one company's programs to include additional benefits from that company, or with other companies. As a result, many members have enrolled in one program and, over time, changed their membership to participate in another program, or other programs. There are dozens of different types of memberships, and many members who initially enrolled in one program have migrated to other programs, resulting in literally hundreds of combinations of programs.

Without great burden, it is very difficult for MHC Thousand Trails to state with precision at this time the number of different program offerings and combinations (where the member signed up for one program and later changes to a different program). Based on the information available to it, MHC Thousand Trails provides the following estimate of the approximate number of programs or combinations of programs, represented in the current membership.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

9

| Entity | Number of Different Programs, and Combinations of Programs, for the Company's Members |
|---|---|
| MHC NACO Limited Partnership | Approx. 150 |
| MHC Thousand Trails Limited Partnership | Approx. 950 |
| MHC Mid-Atlantic Resorts Limited Partnership | Approx. 50 |
| MHC Outdoor World Limited Partnership | Approx. 150 |
| MHC Leisure Time Limited Partnership | Approx. 180 |

### PLAINTIFFS' INTERROGATORIES SERVED ON MHC OPERATING LIMITED PARTERSHIP AND DEFENDANT'S RESPONSE

### INTERROGATORY NO. 1:

IDENTIFY all PERSONS (for the purpose of these Interrogatories, the term "PERSON" means any natural person, corporation, partnership, unincorporated association, limited liability company, governmental unit, or any other entity) that purchased memberships from, or paid membership dues to YOU (for the purposes of these Interrogatories, YOU and YOUR means and refers to MHC Operating Limited Partnership) between July 2, 2007 and the present.

### DEFENDANT'S RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections stated above, which we incorporate by reference in full, MHC Operating LP objects to Interrogatory No.1 because it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, MHC Operating LP objects to Interrogatory No. 1 as vague and ambiguous, particularly in relation to the word "Identify."

10

Subject to those objections, MHC Operating LP provides the following breakdown of the number of current members served by five affiliated companies, MHC Thousand Trails, MHC NACO Limited Partnership, MHC Outdoor World Limited Partnership, MHC Leisure Time Limited Partnership, and MHC Mid-Atlantic Resorts Limited Partnership, as of November 30, 2011.

| Entity | Number of Current Members |
|---|---|
| MHC NACO Limited Partnership | 12,683 |
| MHC Thousand Trails Limited Partnership | 67.592 |
| MHC Mid-Atlantic Resorts Limited Partnership | 4,586 |
| MHC Outdoor World Limited Partnership | 14,072 |
| MHC Leisure Time Limited Partnership | 6,719 |

**INTERROGATORY NO. 2:**

For each and every PERSON identified by YOU in YOUR response to Interrogatory No. 1 state which type of membership that class member purchased.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, which we incorporate by reference in full, MHC Operating LP objects to Interrogatory No.2 because it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, and based on its review of information currently available to it, MHC Operating LP states that members currently participate in programs offered by five separate companies: MHC NACO Limited Partnership, MHC Thousand Trails Limited Partnership, MHC Outdoor World Limited Partnership, MHC Leisure Time Limited Partnership, and MHC Mid-Atlantic Resorts Limited Partnership,

11

that are owned indirectly by Equity Lifestyle Properties, Inc. and operated under the management of MHC Operating LP. Each company has offered multiple programs, with different benefits and conditions for each program. Also, it is not unusual for members to upgrade their membership in one company's programs to include additional benefits from that company, or with other companies. As a result, many members have enrolled in one program and, over time, changed their membership to participate in another program, or other programs. There are dozens of different types of memberships, and many members who initially enrolled in one program have migrated to other programs, resulting in literally hundreds of combinations of programs.

Without great burden, it is very difficult for MHC Operating LP to state with precision at this time the number of different program offerings and combinations (where the member signed up for one program, and later changes to a different program). Based on the information available to it, MHC Operating LP provides the following estimate of the approximate number of programs or combinations of programs, represented in the current membership.

| Entity | Number of Different Programs, and Combinations of Programs, for the Company's Members |
|---|---|
| MHC NACO Limited Partnership | Approx. 150 |
| MHC Thousand Trails Limited Partnership | Approx. 950 |
| MHC Mid-Atlantic Resorts Limited Partnership | Approx. 50 |
| MHC Outdoor World Limited Partnership | Approx. 150 |
| MHC Leisure Time Limited Partnership | Approx. 180 |

12

**PLAINTIFFS' INTERROGATORIES SERVED ON EQUITY LIFESTYLE PROPERTIES, INC. AND DEFENDANT'S RESPONSE**

## INTERROGATORY NO. 1:

IDENTIFY all PERSONS (for the purpose of these Interrogatories, the term "PERSON" means any natural person, corporation, partnership, unincorporated association, limited liability company, governmental unit, or any other entity) that purchased memberships from, or paid membership dues to YOU (for the purposes of these Interrogatories, YOU and YOUR means and refers to Equity Lifestyle Properties, Inc.) between July 2, 2007 and the present.

## DEFENDANT'S RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections stated above, which we incorporate by reference in full. Equity Lifestyle Properties objects to Interrogatory No.1 because it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Equity Lifestyle Properties objects to Interrogatory No.1 as vague and ambiguous, particularly in relation to the word "Identify."

Subject to those objections, Equity Lifestyle Properties provides the following breakdown of the number of current members served by five affiliated companies, MHC Thousand Trails, MHC NACO Limited Partnership, MHC Outdoor World Limited Partnership, MHC Leisure Time Limited Partnership, and MHC Mid-Atlantic Resorts Limited Partnership, as of November 30, 2011.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

13

| Entity | Number of Current Members |
|---|---|
| MHC NACO Limited Partnership | 12,683 |
| MHC Thousand Trails Limited Partnership | 67.592 |
| MHC Mid-Atlantic Resorts Limited Partnership | 4,586 |
| MHC Outdoor World Limited Partnership | 14,072 |
| MHC Leisure Time Limited Partnership | 6,719 |

**INTERROGATORY NO. 2:**

   For each and every PERSON identified by YOU in YOUR response to Interrogatory No. 1 state which type of membership that class member purchased.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 2:**

   In addition to the General Objections stated above, which we incorporate by reference in full, Equity Lifestyle Properties objects to Interrogatory No.2 because it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

   Subject to the foregoing objections, and based on its review of information currently available to it, Equity Lifestyle Properties states that members currently participate in programs offered by five separate companies: MHC NACO Limited Partnership, MHC Thousand Trails Limited Partnership, MHC Outdoor World Limited Partnership, MHC Leisure Time Limited Partnership, and MHC Mid-Atlantic Resorts Limited Partnership, that are owned indirectly by Equity Lifestyle Properties, Inc. and operated under the management of MHC Operating Limited Partnership. Each company has offered multiple programs, with different benefits and conditions for each program. Also, it is not unusual for members to upgrade their membership in one company's

14

programs to include additional benefits from that company, or with other companies. As a result, many members have enrolled in one program and, over time, changed their membership to participate in another program, or other programs. There are dozens of different types of memberships, and many members who initially enrolled in one program have migrated to other programs, resulting in literally hundreds of combinations of programs.

Without great burden, it is very difficult for Equity Lifestyle Properties to state with precision at this time the number of different program offerings and combinations (where the member signed up for one program, and later changes to a different program). Based on the information available to it, Equity Lifestyle Properties provides the following estimate of the approximate number of programs or combinations of programs, represented in the current membership.

| Entity | Number of Different Programs, and Combinations of Programs, for the Company's Members |
| --- | --- |
| MHC NACO Limited Partnership | Approx. 150 |
| MHC Thousand Trails Limited Partnership | Approx. 950 |
| MHC Mid-Atlantic Resorts Limited Partnership | Approx. 50 |
| MHC Outdoor World Limited Partnership | Approx. 150 |
| MHC Leisure Time Limited Partnership | Approx. 180 |

/ / / /

/ / / /

/ / / /

/ / / /

15

**PLAINTIFFS' INTERROGATORIES SERVED ON THOUSAND TRAIL MANAGEMENT SERVICES, INC. AND DEFENDANT'S RESPONSE**

## SPECIAL INTERROGATORY NO. 1:

IDENITFY all PERSONS (for the purpose of these Interrogatories, the term "PERSON" means any natural person, corporation, partnership, unincorporated associated, limited liability company, governmental unit, or any other entity) that purchased memberships from, or paid membership dues to YOU (for the purposes of these INTERROGATORIES, YOU and YOUR means and refers to Defendant Thousand Trials Management Services, Inc.) between July 2, 2007 and the present.

## DEFENDANT'S RESPONSE TO SPECIAL INTERROGATORY NO. 1:

In addition to the General Objections stated above, which we incorporate by reference in full, Thousand Trails objects to Interrogatory No. 1 because it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Thousand Trails objects to Interrogatory No.1 as vague and ambiguous, particularly in relation to the word "Identify."

Subject to those objections, Thousand Trails provides the following breakdown of the number of current members served by five affiliated companies, MHC Thousand Trails, MHC NACO Limited Partnership, MHC Outdoor World Limited Partnership, MHC Leisure Time Limited Partnership, and MHC Mid-Atlantic Resorts Limited Partnership, as of November 30, 2011.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

16

| Entity | Number of Current Members |
|---|---|
| MHC NACO Limited Partnership | 12,683 |
| MHC Thousand Trails Limited Partnership | 67.592 |
| MHC Mid-Atlantic Resorts Limited Partnership | 4,586 |
| MHC Outdoor World Limited Partnership | 14,072 |
| MHC Leisure Time Limited Partnership | 6,719 |

## SPECIAL INTERROGATORY NO. 2:

For each and every PERSON identified by YOU in YOUR response to Interrogatory No. 1 state which type of membership that class member purchased.

## DEFENDANT'S RESPONSE TO SPECIAL INTERROGATORY NO. 2:

In addition to the General Objections stated above, which we incorporate by reference in full, Thousand Trails objects to Interrogatory No.2 because it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, and based on its review of information currently available to it, Thousand Trails states that members currently participate in programs offered by five separate companies: MHC NACO Limited Partnership, MHC Thousand Trails Limited Partnership, MHC Outdoor World Limited Partnership, MHC Leisure Time Limited Partnership, and MHC MidAtlantic Resorts Limited Partnership, that are owned indirectly by Equity Lifestyle Properties, Inc. and operated under the management of MHC Operating Limited Partnership. Each company has offered multiple programs, with different benefits and conditions for each program. Also, it is not unusual for members to upgrade their membership in one company's programs to include additional benefits from that company, or with other companies. As a result, many

17

members have enrolled in one program and, over time, changed their membership to participate in another progran1, or other programs. There are dozens of different types of memberships, and many members who initially enrolled in one program have migrated to other programs, resulting in literally hundreds of combinations of programs.

Without great burden, it is very difficult for Thousand Trails to state with precision at this time the number of different program offerings and combinations (where the member signed up for one program, and later changes to a different program). Based on the information available to it, Thousand Trails provides the following estimate of the approximate number of programs or combinations of programs, represented in the current membership.

| Entity | Number of Different Programs, and Combinations of Programs, for the Company's Members |
|---|---|
| MHC NACO Limited Partnership | Approx. 150 |
| MHC Thousand Trails Limited Partnership | Approx. 950 |
| MHC Mid-Atlantic Resorts Limited Partnership | Approx. 50 |
| MHC Outdoor World Limited Partnership | Approx. 150 |
| MHC Leisure Time Limited Partnership | Approx. 180 |

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

18

**6.**   <u>CONCLUSION</u>

The law is clear that Plaintiffs are entitled to discover the potential class members' names and contact information.  The Court should grant Plaintiffs' motion to compel full responses to their two (2) interrogatories directed to identifying these class members so that Plaintiffs can further investigate their claims and the propriety of class certification.

Dated: January 24, 2012                    Respectfully submitted:

**SHENKMAN & HUGHES**
KEVIN I. SHENKMAN
MARY R. HUGHES

**R. REX PARRIS LAW FIRM**
R. REX PARRIS
ALEXANDER WHEELER
KITTY SZETO

                                            /s/ Alexander R. Wheeler
                               By: _____
                                    Attorneys for Plaintiffs David and Teri
                                    Feske, individually and on behalf of Class
                                    Members

19